IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| CHRIS WOOD, ) | |
| ) | Case No. _____ |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FARM AND HOME PUBLISHERS, LTD., ) | |
| BRETT HONN, CHARLES C. SHEAKLEY, ) | |
| CLIFF SHEAKLEY and STEVEN BEEN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW plaintiff, Chris Wood, by and through his attorneys, McDonald, Woodward & Carlson, P.C., and for his Complaint at Law states as follows:

### NATURE OF ACTION

1.      Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL") and the fraudulent filing of tax returns pursuant to 26 U.S.C. § 7434. Specifically, defendants violated the FLSA, IMWL and 26 U.S.C. § 7434 by misclassifying plaintiff as an independent contractor in one or more individual work weeks during the applicable statute of limitations, and paying plaintiff wages less than the minimum wage required by the FLSA and IMWL.  In addition, plaintiff was not paid for overtime pursuant to the FLSA and IMWL.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), and plaintiff's claims for tax fraud in violation of 26 U.S.C. § 7434 pursuant to 28 U.S.C. § 1331.

1

3. This Court has supplemental jurisdiction over plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district because the facts and events giving rise to plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**PARTIES**

5. Defendant Farm and Home Publishers, Ltd. ("FHP") is an Iowa corporation organized under the laws of Iowa with its principal place of business in Belmond, Iowa.

6. Defendant Brett Honn ("Honn") is the vice president of FHP.

7. Defendant Charles C. Sheakley ("Sheakley") is the senior vice president and director of FHP. Upon information and belief, Sheakley is a 25% owner of FHP.

8. Defendant Cliff Sheakley ("C. Sheakley") is the president of FHP and, upon information and belief, a 25% owner of FHP.

9. Defendant Steven M. Been ("Been") is the secretary, treasurer and director of FHP. Upon information and belief, Been has an ownership interest in FHP.

10. At all times relevant herein, defendants Honn, Sheakley, C. Sheakley and Been, possessed extensive oversite over FHP and its business operations. Defendants Honn, Sheakley, C. Sheakley and Been were the decisionmakers with respect to defendants' payroll and wage and hour practices; possessed the authority to hire and fire defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

11. Plaintiff Chris Wood ("Wood") resides in Monmouth, Warren County, Illinois and was formerly employed by defendants from August 26, 2015 through November 23, 2016.

12. At all times relevant hereto, plaintiff was an employee of defendants as defined by the FLSA.

13. At all times relevant hereto, plaintiff was an employee of defendants as defined by the IMWL.

14. At all times relevant hereto, defendants were plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

15. At all times relevant hereto, defendants were plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

16. Throughout the course of his employment, plaintiff was not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. §207.

17. Throughout the course of his employment, plaintiff was not exempt from the maximum hours provisions of the IMWL, 820 ILCS 105/4a.

## FACTUAL ALLEGATIONS

18. Defendant FHP operates as a publishing company publishing plat books, county plat mats and directories in various Midwestern states, including Illinois.

19. At all pertinent times, FHP contracted with plaintiff to sell advertising in the plat books that it published. *See* Independent Contractor Agreement (hereinafter "Agreement") attached hereto as Exhibit A.

20. The Agreement provided that plaintiff would receive payment via commissions on sales of maps, books, labels, alpha listings on cd, and advertising sold at current prices set by the Company. See Exhibit A.

21. Defendant FHP retained substantial control over the manner of plaintiff's work.

22. Defendant FHP controlled the methods and means used by plaintiff in the performance of his work.

23. Defendant FHP controlled what, how, when and where services were required to be performed by plaintiff and established goals to meeting the assigned territories per the Agreement.

24. Defendant FHP controlled the profit and risk of loss with regard to the services that plaintiff performed for it.

25. Defendant FHP retained control over various working relationships built into the Agreement, for example, the plaintiff did not advertise as a business to the public, but performed services for defendant FHP under FHP's name.

26. Defendant FHP and plaintiff could terminate the agreement at any time thus indicating that the plaintiff was an employee and defendant FHP had control through the threat of dismissal.

27. When plaintiff did not make enough in commissions to earn at least minimum wage in a workweek, defendants did not pay him additional wages to ensure that he earned at least minimum wage.

28. For example, for many weeks, plaintiff would work 40-60 hours per week and would be paid less than minimum wage in commissions.

29  Defendants intentionally misclassified plaintiff as an independent contractor and issued a Form 1099 to him at the end of calendar years 2015, 2016 and 2017.

30. Believing that he was, in fact, an employee of defendants, plaintiff filed an SS-8 Form with the Internal Revenue Service ("IRS") and requested a determination of his employment status as to whether he was an independent contractor or an employee.

31. On October 19, 2018, the IRS responded to plaintiff's request for a determination of his employment status (the SS-8 Form) and concluded that plaintiff was an employee of defendants and not an independent contractor.

32. Plaintiff contends that defendants misclassified him as an independent contractor, as opposed to an employee, and that this misclassification resulted in a failure to properly compensate plaintiff under the FLSA and IMWL.

### COUNT I-MINIMUM WAGE VIOLATION

### Violation of the Illinois Minimum Wage Law ("IMWL")

33. Plaintiff restates and realleges paragraphs 1 through 32 as if fully stated herein.

34. Defendants employed plaintiff for purposes of the IWPCA because they controlled the methods and means used by plaintiff in the performance of his work; controlled what, how, when and where services were required to be performed by plaintiff and established goals to meeting the assigned territories per the Agreement; controlled the profit and risk of loss with regard to the services that plaintiff performed for it; retained control over the working relationships built into the Agreement; and provided that either party could terminate the agreement without reprisal.

35. As a result of defendants' misclassification of plaintiff, defendants regularly failed to pay plaintiff at least the Illinois minimum wage of $8.25 for the time that he worked.

36. Pursuant to 820 ILCS 105/4 for all hours during which plaintiff worked, plaintiff was entitled to be compensated at the applicable Illinois Minimum Wage.

37. Defendants did not compensate plaintiff at the applicable Illinois Minimum Wage for all time worked in individual weeks.

38. Defendants violated the IMWL by refusing to compensate plaintiff at the applicable Illinois Minimum Wage for all time worked in individual work weeks.

39. Pursuant to 820 ILCS 105/12(a), plaintiff is entitled to recover his unpaid minimum wage, plus punitive damages in the amount of 2% per month of the amount of underpayments.

WHEREFORE, plaintiff prays that he be granted (i) payment for unpaid minimum wages for all hours plaintiff worked; (ii) prejudgment interest on the back wages in accordance with 815

ILCS § 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a); (iii) an award of costs and reasonable attorney's fees incurred in bringing this action and (iv) such other and further relief as this Court deems just.

## COUNT II-MINIMUM WAGE VIOLATION

### Violation of the Fair Labor Standards Act

40. Plaintiff restates and realleges paragraphs 1 through 39 as if fully stated herein.

41. Defendants employed plaintiff for purposes of the FLSA because they controlled the methods and means used by plaintiff in the performance of his work; controlled what, how, when and where services were required to be performed by plaintiff and established goals to meeting the assigned territories per the Agreement; controlled the profit and risk of loss with regard to the services that plaintiff performed for it; retained control over the working relationships built into the Agreement; and provided that either party could terminate the agreement without reprisal.

42. As a result of defendants' misclassification of plaintiff, defendants regularly failed to pay plaintiff the applicable minimum wage.

43. Plaintiff was entitled to be paid the applicable minimum wage for all hours he worked for defendants in each individual work week.

44. Defendants did not compensate plaintiff at the applicable minimum wage for all time worked in individual weeks.

45. Defendants' failure to pay the applicable minimum wage in one or more work weeks violated the FLSA.

46. Defendants' failure to pay the applicable minimum wage in one or more work weeks to plaintiff was willful and intentional.

47. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

48. Defendants made no good faith effort to comply with the FLSA with respect to compensation of plaintiff.

49. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 201 *et seq.*

WHEREFORE, plaintiff prays that he be granted (i) payment for unpaid minimum wages for all hours plaintiff worked; (ii) liquidated damages in an amount equal to the amount of all minimum wages due as provided by the Fair Labor Standards Act, or in the absence of liquidated damages, prejudgment interest on the amount of minimum wages due; (iii) an award of costs and reasonable attorney's fees incurred in bringing this action; and (iv) such other and further relief as this Court deems just.

## COUNT III-OVERTIME VIOLATION

### Violation of the IMWL

50. Plaintiff restates and realleges paragraphs 1 through 49 as if fully stated herein.

51. Defendants employed plaintiff for purposes of the IWPCA because they controlled the methods and means used by plaintiff in the performance of his work; controlled what, how, when and where services were required to be performed by plaintiff and established goals to meeting the assigned territories per the Agreement; controlled the profit and risk of loss with regard to the services that plaintiff performed for it; retained control over the working relationships built into the Agreement; and provided that either party could terminate the agreement without reprisal.

52. Because plaintiff was an employee and not an independent contractor, plaintiff should have been paid overtime wages for all time worked over forty (40) hours during individual work weeks.

53. Defendants directed plaintiff to work, and he did work, in excess of forty (40) hours during one or more individual weeks.

54. Pursuant to 820 ILCS 105/4(a), for all weeks during which plaintiff worked in excess of forty (40) hours, plaintiff was entitled to be compensated at one and one-half times the greater of the applicable Illinois minimum wage rate for time he worked in excess of forty (40) hours per week.

55. Pursuant to 820 ILCS 105/12(a), plaintiff is entitled to recover unpaid overtime wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, plaintiff prays that he be granted (i) judgment in the amount of one and one-half times the applicable Illinois minimum wage for all time the plaintiff worked in excess of forty (40) hours per week; (ii) punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a); (iii) an award of costs and reasonable attorney's fees incurred in bringing this action and (iv) such other and further relief as this Court deems just.

## COUNT IV-OVERTIME VIOLATION

### Violation of the FLSA

56. Plaintiff restates and realleges paragraphs 1 through 55 as if fully stated herein.

57. Defendants employed plaintiff for purposes of the IWPCA because they controlled the methods and means used by plaintiff in the performance of his work; controlled what, how, when and where services were required to be performed by plaintiff and established goals to meeting the assigned territories per the Agreement; controlled the profit and risk of loss with regard to the services that plaintiff performed for it; retained control over the working relationships built into the Agreement; and provided that either party could terminate the agreement without reprisal.

58. Because plaintiff was an employee and not an independent contractor, plaintiff should have been paid overtime wages for all time worked over forty (40) hours during individual work weeks.

59. Defendants directed plaintiff to work, and he did work, in excess of forty (40) hours during one or more individual weeks.

60. Pursuant to 29 U.S.C. § 207, for all weeks during which plaintiff worked in excess of forty (40) hours, plaintiff was entitled to be compensated at one and one-half times the greater of the federally mandated minimum wage rate.

61. Defendants did not compensate plaintiff at a rate of at least one and one-half times the federally mandated minimum wage rate for all time he worked in excess of forty (40) hours per week.

62. Defendants' failure to pay plaintiff overtime wages for time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

63. Defendants willfully violated the Fair Labor Standards Act by refusing to pay plaintiff for time worked in excess of forty (40) hours per week.

WHEREFORE, plaintiff prays that he be granted (i) judgment in the amount of one and one-half times the federally mandated minimum wage rate for time the plaintiff worked in excess of forty (40) hours per week; (ii) liquidated damages in an amount equal to the amount of unpaid overtime compensation found due; (iii) an award of costs and reasonable attorney's fees incurred in bringing this action and (iv) such other and further relief as this Court deems just.

### COUNT V-TAX FRAUD IN VIOLATION OF 26 U.S.C. 7434

64. Plaintiff restates and realleges paragraphs 1 through 63 as if fully set forth herein.

65. Defendants were responsible for defendant FHP's accounting and for making information reports to the Internal Revenue Service regarding classification of employees and earnings.

66. Defendants purposely misclassified plaintiff as an independent contractor for tax purposes.

67. Defendant FHP retained substantial control over the manner of plaintiff's work.

68. Defendant FHP controlled the methods and means used by plaintiff in the performance of his work.

69. Defendant FHP controlled what, how, when and where serves were required to be performed by the worker and established goals to meeting the assigned territories per the Agreement.

70. Defendant FHP controlled the profit and risk of loss with regard to the services that plaintiff performed for it.

71. Defendant FHP retained control over various working relationships built into the Agreement, for example, the plaintiff did not advertise as a business to the public, but performed services for defendant FHP under FHP's name.

72. Defendant FHP and plaintiff could terminate the agreement at any time thus indicating that the plaintiff was an employee and defendant FHP had control through the threat of dismissal.

73. Defendants reported plaintiff's earnings to the federal government by filing a form 1099-Misc information returns.

74. Defendants did not withhold any state or federal income taxes on behalf of plaintiff.

75. Defendants did not have a good faith basis for misclassifying plaintiff as an independent contractor for tax purposes.

76. The IRS issued its SS-8 Determination Analysis finding that plaintiff was an employee for federal employment tax purposes.

77. Upon information and belief, defendants misclassified plaintiff as an independent contractor for the purpose of reducing its costs and increasing its profits by avoiding liability under the Federal Insurance Contributions Act. ("FICA")

78. Additionally, upon information and belief, defendants purposely misclassified plaintiff as an independent contractor for the purpose of reducing its costs and increasing its profits by avoiding tax liability under the Federal Unemployment Tax Act ("FUTA").

79. As a direct and proximate result of the fraudulent information return filed by defendants, plaintiff sustained significant damage, including pain and suffering, attorney's fees and costs, accountant's fees and costs, and additional taxes and penalties.

WHEREFORE, plaintiff prays that he be granted (i) damages consistent with his proof at trial in such sum which will compensate him to the extent possible for the injuries alleged herein, including, but not limited to, pain and suffering, reasonable attorney's and accountant's fees and costs associated with the investigation of the fraudulent returns; (ii) damages for the amount of taxes, penalties and interest which plaintiff has been required to pay to the IRS; and (iii) such other and further relief as may be appropriate under the circumstances.

McDONALD, WOODWARD & CARLSON, P.C.

By   /s/ Heather L. Carlson
   Heather L. Carlson    141333

3432 Jersey Ridge Road
Davenport, Iowa 52807
Telephone: 563/355-6478
Facsimile: 563/355-1354
Email: hcarlson@mwilawyers.com

ATTORNEYS FOR PLAINTIFF